UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIA TERESHCHENKO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary of the U.S. Department of Homeland Security, et al.,<br><br>Defendants. | Case No.: 24cv2142-AGS-SBC<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE MOTION FOR EXPEDITED DISCOVERY**<br><br>**[ECF NO. 16]** |

Presently before the Court is Plaintiffs' Ex Parte Motion for Expedited Discovery. (ECF No. 16.) The Court held a discovery hearing on this matter on January 22, 2025. (ECF No. 26.) For the reasons stated on the record and as set forth below, Plaintiffs' motion is **DENIED**.

## I.    BACKGROUND

On November 14, 2024, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief and Petition for Writ of Mandamus. (ECF No. 1.) Plaintiffs bring this action to enjoin an alleged unwritten policy and practice by the Department of Homeland Security ("DHS") of categorically detaining asylum seekers from Post-Soviet Union countries to deter Plaintiffs and others similarly situated from seeking refuge in the United States,

referred to by Plaintiffs as "the Russian Detention & Deterrence Scheme." (*Id.* at 9.) According to the Amended Complaint, filed on December 9, 2024, Plaintiffs in this suit are 276 Russian asylum seekers who are currently detained in various immigration detention facilities in the United States. (ECF No. 10 at 9.) Plaintiffs allege that Defendants have a longstanding policy directive precluding detention of asylum seekers except in unusual cases, referred to as the "Parole Directive." (*Id.* at 10.) According to Plaintiffs, the Parole Directive instructs Immigration and Customs Enforcement ("ICE") "to make an individualized determination as to the person's flight and public safety, or national security risk profile in exercising discretion to release or detain the noncitizen." (*Id.*) Plaintiffs allege that the Parole Directive, implemented in 2009, "directs ICE to release asylum seekers, provided they establish their identity and show they are not a danger or flight risk." (*Id.*) Plaintiffs claim that notwithstanding the Parole Directive, DHS has "embarked on an unlawful scheme of indefinitely detaining asylum seekers from Post-Soviet Union countries at ICE detention centers across the country." (*Id.* at 11.)

On December 31, 2024, Plaintiffs filed a Motion for Preliminary Injunction, set for hearing on February 7, 2025, in which they seek a preliminary injunction requiring ICE "to put an end to their Russian Detention & Deterrence Scheme and immediately comply with their 2009 Parole Directive." (ECF No. 15 at 9.) On January 17, 2025, Defendants filed a Motion to Dismiss the Amended Complaint or to Transfer Venue, set for hearing on February 14, 2025. (ECF No. 23.)

In their motion to dismiss, Defendants argue that the Complaint should be dismissed because many of Plaintiffs' claims are moot or lack standing. Defendants contend that the Parole Directive does not apply to eighty-seven (87) of the Plaintiffs, one hundred and seventy-two (172) Plaintiffs were denied parole based on determinations that they posed a security risk or a risk of absconding, seventeen (17) Plaintiffs were granted parole, three (3) were released from custody after being granted asylum, and one (1) was released from custody following a grant of withholding of removal. (*Id*. at 26-27.) Additionally, Defendants argue that one hundred and twenty (120) Plaintiffs, some of whom overlap

with the above categories, lack standing because their claims are already pending in a prior action in the District Court for the District of Columbia. (*Id*. at 27-28.) Defendants also argue that the Court lacks jurisdiction to consider Plaintiffs' remaining claims and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (*See id*. at 29-31.)

On January 2, 2025, Plaintiffs filed the Ex Parte Motion for Expedited Discovery currently before the Court. (ECF No. 16.) Plaintiffs seek the following: "(1) the memo that directs Customs and Border Patrol to detain asylum seekers from post-Soviet countries; (2) the memo that directs ICE the manner in which to process parole requests of asylum seekers from post-Soviet countries." (*Id.* at 6.) They contend that they need the documents "to inform the court why asylum seekers from post-Soviet countries are systematically detained, and why Defendants refuse to adjudicate parole request for Russian asylum seekers." (*Id*.) The initial memo sought by Plaintiffs was reported on by the *New York Post*, which stated that, according to the memo, "[o]nly adult migrants from Georgia, Moldova, Kyrgyzstan, Russia, Tajikistan, and Uzbekistan will be immediately sent for removal from the US, per the memo." (*See id.*, n.1.) Defendants filed an opposition to the motion on January 3, 2025. (ECF No. 17.) Plaintiffs filed a reply brief on January 6, 2025. (ECF No. 19.) The Court held a discovery hearing on January 22, 2025. (ECF No. 26.)

## II.     LEGAL STANDARDS

Formal discovery generally is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). Requests for early or expedited discovery are granted only upon a showing of good cause by the moving party. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Id.* at 276. In determining whether good cause justifies expedited discovery, courts commonly consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited

discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet, Inc. v. Davis,* 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009); *see also Apple Inc. v. Samsung Electronics Co., Ltd.,* 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011).

### III.   DISCUSSION

The Court, having considered the parties' papers and oral argument, finds that Plaintiffs have not established good cause to justify allowing early expedited discovery under the relevant standards. While the Court is mindful of the significance of the issues raised by Plaintiffs, the arguments they have presented to support expedited discovery go to the merits of this action, that is, the challenge to Defendants' handling of the 276 Russian asylum seekers. The sole issue before this Court, however, is Plaintiffs' motion for expedited discovery. Although there is a motion for preliminary injunction pending in this case, expedited discovery is not automatically granted merely because a party seeks a preliminary injunction; instead, a court must examine "the reasonableness of the request in light of all the surrounding circumstances." *See Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1067 (citation omitted). Here, Plaintiffs have not demonstrated good cause for expedited discovery under the present circumstances in this action for several reasons.

First, Defendants' motion to dismiss sets forth several colorable jurisdictional arguments. While this Court does not comment on the weight of those arguments, there is a possibility that the case may be dismissed under one of these grounds. It is premature for Plaintiffs to seek discovery going to the merits of their case before the Court's jurisdiction has been determined, and before the parties have conducted a Rule 26(f) conference. Second, Defendants have contended throughout these proceedings that the 276 Russian asylum seekers in question have not been detained without reason or adjudication. Defendants argued that although perhaps they did not obtain the result they desired, many of the asylum seekers have had some form of adjudication upon their application. Accordingly, this does not support good cause for conducting early expedited discovery. / / / /

## IV.   CONCLUSION

For the reasons stated on the record of the Discovery Hearing held on January 22, 2025, and as set forth above, Plaintiffs' Ex Parte Motion for Expedited Discovery is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 31, 2025

Hon. Steve B. Chu
United States Magistrate Judge